**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BENJAMIN L. HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV 05-0759-HE |
| ) | |
| RANDALL G. WORKMAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming his prison disciplinary conviction violated his constitutional rights and seeking the restoration of his earned credits taken as a sanction for the conviction. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Valerie K. Couch, who issued a Report and Recommendation addressing the response to petition for writ of habeas corpus with motion to dismiss filed by defendant Workman [Doc. #10] and plaintiff's motion to dismiss [Doc. #13]. Finding that the plaintiff had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a),[1] the magistrate judge recommended that the court grant both the respondent's and petitioner's motions to

---

[1] *Section 1997(e)(a) provides:*
 *No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.*
 *See* Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("The exhaustion of state remedies includes both administrative and state court remedies.").*

dismiss and the petition for writ of habeas corpus be dismissed without prejudice.[2]

The plaintiff did not file any objection to the Report and Recommendation, but instead also filed a motion to dismiss. The Court concurs with the magistrate judge's analysis and adopts her Report and Recommendation. Accordingly, the motions to dismiss [Doc. Nos. 10 and 13] are **GRANTED**, and the plaintiff's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

Dated this 25th day of August, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]*The Prison Litigation Reform Act's exhaustion requirement is not jurisdictional. M.S. Ali v. District of Columbia, 278 F.3d 1, 5-6 (D.C. Cir. 2002) ("[W]e now hold as has every circuit to have considered the matter, that the PLRA's exhaustion requirement simply governs the timing of the action and does not contain the type of sweeping and direct language that would indicate a jurisdictional bar rather than a mere codification [] of administrative exhaustion requirements.") (internal citation and quotations omitted). Accord Basham v. Uphoff, 1998 WL 847689, at \*3 (10th Cir. Dec. 8, 1998), an unpublished decision cited for persuasive value under 10th Cir. R. 36.3(B).*